UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DURELL T. CRAIN,

    Petitioner,

    v.       CAUSE NO.: 3:24-CV-52-TLS-JEM

WARDEN,

    Respondent.

**OPINION AND ORDER**

Durell T. Crain, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (ISP-22-11-158) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offense 102. ECF No. 1. Following a hearing, he was sanctioned with the loss of one hundred eighty days earned credit time and a demotion in credit class.

In the pending motion to dismiss, the Warden argues that this case is moot because the Indiana Department of Correction has vacated the sanctions and dismissed the disciplinary case. ECF No. 16. The Warden supports this argument with correspondence to that effect from the appeal review officer. ECF No. 16-1. Consequently, the Court finds that the claims raised in the petition are moot. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (explaining that a prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

In response, Crain asserts concerns about his housing assignment, other disciplinary proceedings, and lack of notice that correctional staff lowered the severity of the disciplinary offense prior to vacating it. Habeas petitions may not be used to obtain more favorable placement within the Indiana State Prison or within the Indiana Department of Correction. *See Moran v.*

*Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) ("These petitions for habeas corpus really then are challenges under 42 U.S.C. § 1983 to the conditions in which the inmates are being held or will be held in the private prisons to which they have been or will be transferred." (cleaned up)). Further, Crain cannot challenge more than one disciplinary proceeding in a single habeas case. *See* Rule 2(e) of the Rules Governing Section 2254 Cases. Additionally, it is unclear why a lack of notice regarding the severity of the disciplinary offense is material given that correctional staff have now dismissed the disciplinary case.

Because the habeas claims are moot, the motion to dismiss is granted, and this habeas case is dismissed. If Crain wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds that an appeal pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court hereby:

(1) GRANTS the Motion to Dismiss [ECF No. 6];

(2) DIRECTS the Clerk of Court to enter judgment and to close this case; and

(3) DENIES Durell T. Crain leave to proceed in forma pauperis on appeal.

SO ORDERED on May 15, 2024.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT